UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X   For Online Publication Only

HERCULES PHARMACEUTICALS, INC.

                                      Plaintiff,        **MEMORANDUM & ORDER**

                                                                   23-CV-2876 (JMA) (SIL)

      -vs-

AMERISOURCEBERGEN CORP.,

                                      Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Plaintiff Hercules Pharmaceuticals, Inc. ("Plaintiff") filed a verified complaint in New York State Supreme Court, Nassau County, on July 28, 2020, asserting state law claims against Defendant AmerisourceBergen Corp. ("Defendant") for engaging, or attempting to engage in theft, of Plaintiff's trade secrets, conspiracy to appropriate Plaintiff's business, and for engaging in unfair competition. Defendant removed the case to federal court on April 18, 2023. Plaintiff now seeks to join a non-diverse defendant and remand this action to state court for lack of subject matter jurisdiction. For the reasons stated below, Plaintiff's motion for joinder and remand is granted in part and denied in part.

## I.  BACKGROUND

On July 28, 2020, Plaintiff, a New York corporation, filed a verified complaint in New York State Supreme Court, Nassau County, against one of its former employees, Zahir Ahmad ("Ahmad"), a New York citizen who is now employed by Defendant, a Delaware corporation. (See Hercules Pharmaceuticals, Inc. v. Zahir Ahmad, Case No. 607674/2020 (N.Y. Sup. Ct. February 3, 2021)). In that lawsuit, Plaintiff asserted New York state law claims for breach of contract and sought a permanent injunction against Ahmad.

On March 20, 2023, based on discovery obtained in the <u>Ahmad</u> matter, Plaintiff filed a separate lawsuit against Defendant in New York State Supreme Court, Nassau County. (<u>See</u> ECF No. 1-2 ("Compl.").) In that lawsuit, Plaintiff brings state law claims against Defendant for: (1) unfair competition; (2) trade secrets misappropriation; and (3) tortious interference with contract. (<u>Id.</u> at 5.) On April 18, 2023, Defendant removed the action against it to federal court on diversity of citizenship grounds. (<u>See</u> ECF No. 1 (Notice of Removal).)

On May 2, 2023, Defendant filed a pre-motion conference letter seeking leave to file a motion to dismiss the instant Complaint, <u>see</u> ECF No. 6, in response to which Plaintiff filed a two-pronged cross-motion for: (i) joinder of Ahmad; and (ii) remand of the newly-joined matter to state court. (<u>See</u> ECF No. 7.) After informal discussions, the parties agree that this matter should be remanded to state court but disagree regarding whether Ahmad's pre-remand joinder is necessary. (<u>See</u> ECF No. 12.) For the below reasons, the Court concludes that Ahmad's pre-remand joinder is necessary, but only as to the same factual allegations and claims that Plaintiff has already asserted against Ahmad in its state court action against him.

## II. DISCUSSION

A. <u>Legal Standards</u>

Plaintiff's motion for joinder of Ahmad invokes both 28 U.S.C. § 1447(e) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 20(a)(2). Under Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision to permit the joinder of additional parties is "within the sound discretion" of the court. <u>See</u> <u>2386 Hempstead, Inc. v. WFG Natl. Tit. Ins. Co.</u>, No. 22-cv-9944, 2023 WL 2822553, at *4 (S.D.N.Y. Apr. 7, 2023) (citing <u>Briarpatch Ltd., L.P. v. Pate</u>, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000)). In deciding whether to permit joinder, federal courts engage in a

two-step analysis. Linzy v. Uber Techs., Inc., No. 21-cv-5097, 2022 WL 1556972, at *2 (S.D.N.Y. Apr. 14, 2022), report and recommendation adopted, 2022 WL 1558312 (S.D.N.Y. May 17, 2022).

First, courts consider whether joinder would be appropriate under the Federal Rules – specifically Rule 20, which governs permissive joinder of parties – and then "proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." Corona Grp., LLC v. Park, No. 21-cv-2889, 2022 WL 16838191, at *2 (S.D.N.Y. Nov. 9, 2022) (internal quotations and citation omitted). Under Rule 20(a)(2), multiple defendants may be joined in a single action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Second, if the party seeking joinder satisfies Rule 20, the Court must next determine whether the balance of considerations weighs in favor of joinder. See Rivera v. Robin, No. 19-cv-9558, 2020 WL 1644014, at *1 (S.D.N.Y. Apr. 2, 2020). In making such a determination, the Court may consider the following factors: (i) any delay and the reason for delay; (ii) prejudice to the defendant; (iii) the likelihood of multiple litigation; and (iv) the plaintiff's motivation in seeking joinder. See Isaly v. Bos. Globe Media Partners, LLC, No. 22-cv-2254, 2023 WL 144854, at *3 (S.D.N.Y. Jan. 10, 2023) (citing Duino v. CEM W. Vill., Inc., No. 18-cv-10249, 2020 WL 3249214, at *3 (S.D.N.Y. June 16, 2020)).

B. Rule 20 Analysis

Initially, Plaintiff seeks to join Ahmad – a New York resident whose joinder would break diversity – as a defendant. (See ECF 12 at 2.) As Plaintiff does not assert that Ahmad's joinder is mandatory, the Court concludes that it would be permissive, rendering Section 1447(e) the controlling statutory authority. Under the first step of the required two-step analysis, the Court

must first consider whether Ahmad's joinder would be appropriate under Rule 20. Plaintiff's allegations against Ahmad and Defendant both stem from the same operative facts. In Ahmad, Plaintiff alleges that Ahmad breached his employment contract with Plaintiff by accepting re-employment with Defendant before the expiration of his two-year "non-compete" period, and that he purportedly disclosed confidential information to Defendant. (See generally Ahmad, Case No. 607674/2020, ECF No. 1.) Similarly, in the instant action, Plaintiff alleges, based on discovery from the Ahmad matter, that Defendant caused the abovementioned harms by virtue of its participation in Ahmad's breaches. (See generally Compl.) As joinder is appropriate where, as here, existing and proposed defendants are alleged to have both contributed to the same harms, the Court concludes that Ahmad's joinder is appropriate under Rule 20. See Vanderzalm v. Sechrist Indus., Inc., 875 F. Supp. 2d 179, 183-84 (E.D.N.Y. 2012); see also Nocella v. Allstate Ins. Co., No. 18-cv-1995, 2019 WL 2438745, at *4 (E.D.N.Y. Feb. 6, 2019).

C. Fairness Factors Analysis

Turning to the second step of its inquiry, the Court concludes that the balance of the above four factors weighs in favor of Ahmad's joinder. See Rivera, 2020 WL 1644014, at *1. First, the Court finds that Plaintiff did not delay in seeking Ahmad's joinder – nor does Defendant argue as much – because the time elapsed between Defendant's April 18, 2023 removal and this motion for remand was merely 17 days. See, e.g., Corona Grp., LLC v. Park, No. 21-cv-2889, 2022 WL 16838191, at * 4 (S.D.N.Y. 2022); Nazario v. Deere Co., 295 F. Supp. 2d 360, 363-64 (S.D.N.Y. 2003). This factor thus favors joinder.

Second, the Court finds that Ahmad's instant joinder would neither prejudice Ahmad nor Defendant because neither proceeding is significantly advanced such that Ahmad's joinder would deprive him or Defendant of available strategic options. See Nazario, 295 F. Supp. 2d at 365. Moreover, not only is discovery in the Ahmad matter ongoing, but Defendant has had actual notice

4

of its potential liability since it acquired the formal cease-and-desist letters sent by Plaintiff to Ahmad, in or about May 2020.  Furthermore, both Defendant and Ahmad are represented by the same counsel, leading to a conclusion that Defendant has known, or should have known, about the lawsuit against Ahmad.  Accordingly, this factor favors joinder as well.

Third, the risk of multiple litigations in disparate courts further counsels in favor of joinder.  See, e.g., Vanderzalm, 875 F. Supp. 2d at 186 ("Where, as here, the cases arise from the same transactions and are governed by the same state law, courts generally find that this factor weighs in favor of remand in the interest of judicial economy.").  Here, the Ahmad action is pending in New York state court and is unremovable, while the instant action is pending before this Court.  Further, both actions are based entirely on New York state law, and would be adjudicated by a single tribunal if combined and remanded.  This factor further counsels in favor of joinder.

Fourth, and finally, Defendant has not alleged that Plaintiff's motivation in seeking to join Ahmad is to destroy diversity, or that Ahmad's joinder would be "fraudulent" in any way.  See Vanderzalm, 875 F. Supp. 2d at 187.  Indeed, Plaintiff purportedly uncovered probative evidence of Defendant's misconduct in discovery attained in the Ahmad matter.  Based on these facts, the Court concludes that this final factor counsels in favor of Ahmad's joinder.  Accordingly, the Court joins Ahmad in this matter and, based on this Court's lack of subject matter jurisdiction, orders that it be remanded to New York State Supreme Court, Nassau County.[1]

### III. CONCLUSION

For the reasons stated above, Defendant pre-motion conference letter, ECF No. 6, is DENIED, while Plaintiff's cross-motion for joinder and remand, ECF No. 7, is GRANTED in part

---

[1] Based on the above conclusions, the Court declines Plaintiff's invitation to analyze the instant matter through the lens of its reading of the Second Circuit's recent ruling in LeChase Constr. Servs., LLC. v. Argonaut Ins. Co., where the Circuit Court held that "district courts may not disguise an abstention analysis as a section 1447(e) analysis." 63 F.4th 160, 174 (2d Cir. 2023). As the instant matter does not involve a request from either party for this Court to abstain from taking a particular action, the Court concludes that LeChase is not applicable.

and DENIED in part. Ahmad is joined in this matter only as to the same factual allegations and claims asserted by Plaintiff in its state court action against him. The Clerk of the Court is respectfully directed to remand this matter to New York State Supreme Court, Nassau County, and thereafter close this case.

**SO ORDERED.**

Dated: August 3, 2023
       Central Islip, New York

                                          /s/   (JMA)
                                    HON. JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE